**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LYNN BUTLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. CLENDANIEL, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:08-CV-0001833-SMS  PC<br><br>ORDER DISMISSING ACTION<br>WITH PREJUDICE FOR<br>FAILURE TO STATE A CLAIM<br><br>(Doc. 1) |

**Screening Order**

On December 1, 2008, plaintiff Michael Lynn Butler, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, who is presently incarcerated at Avenal State Prison ("Avenal"), complains of federal and state constitutional violations arising from the refusal of the Unit Classification Committee ("UCC") to remove the "R" suffix, which denotes a history of sexual offenses, from plaintiff's custody designation. Plaintiff consented to jurisdiction by a United States magistrate judge on December 12, 2008 (doc. 6).

**I.　　Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*).

**II.     Plaintiff's Claim**

    **A.     The "R" Suffix**

An inmate's housing assignment and the degree of staff supervision he or she will require are identified through his or her custody designation pursuant to Cal. Code. Reg. title 15, §3377.1. To further ensure the safety and security of other inmates, correctional personnel, and the general public, the letter "R" is attached as a suffix to the custody classification of inmates who have a

history of specific sex offenses listed under California Penal Code § 290.  Cal. Code Reg. title 15, § 3377.1(b).

**B.    Summary of Complaint**

Plaintiff entered a reception center operated by the California Department of Corrections and Rehabilitation ("CDCR") on October 23, 1992.  On December 24, 1992, he was transferred to a mainline institution, where the classification committee assigned him an "R" suffix upon his initial classification sometime in 1993.  Plaintiff appealed the designation, contending that he had been arrested for a sexual offense but not convicted of it in court.  He received a final denial at the Director's Level on June 25, 1993.

Plaintiff apparently took no further action for fifteen years, until he attempted six times to file an administrative appeal of the "R" designation on March 18, May 13, 16, and 19, and July 21 and 28, 2008.  On July 29, 2008, Avenal's appeals coordinator, N. Lopez, advised plaintiff that his last appeal would be retained since he was abusing the appeals process by continuing to re-submit the same appeal.  On August 4, 2008, plaintiff wrote to N. Grannis, chief of CDCR's Inmate Appeals Branch, complaining that Lopez would not accept the appeal.

Plaintiff also sought to set aside the "R" designation at his annual classification review on September 10, 2008.  The Unit Classification Committee ("UCC"), composed of defendants Captain D. Clendaniel, Correctional Officer A. Guzman, and E.M. Wagner (the "UCC defendants"), declined to address plaintiff's request pending receipt of copies of plaintiff's arrest report from the Seaside Police Department and the comments of the Monterey County District Attorney, both of which were missing from plaintiff's file.[1]

On October 23, 2008, Grannis upheld Lopez's refusal to accept plaintiff's appeals of the "R" suffix, noting that plaintiff had previously pursued an administrative appeal of the designation on the same grounds in 1993.  Plaintiff's original appeal was denied at the director's level on June 25, 1993.  Accordingly, Grannis determined that additional appeals would not be accepted for filing

---

[1] A UCC does not have the power to remove an "R" suffix from an inmate's prison classification in any event.  If a UCC concludes that an inmate no longer requires an "R" designation based on new and compelling evidence, it must refer the case to the Institutional Classification Committee ("ICC") for review.  Cal. Code. Regs. title 15, § 3377.1(b)(6).

1  until plaintiff could provide new and compelling evidence meriting reassessment of the decision to
2  append the "R" suffix to his custody designation.[2]

3       On December 10, 2008, plaintiff filed this action, in which he does not dispute the existence
4  of his 1993 prison appeal or argue that new and compelling evidence merited consideration of his
5  request to remove the "R" suffix.  Instead, characterizing his R-classification as "illegal," as he did
6  in his 1993 administrative appeal, plaintiff alleges that defendants violated his rights under the
7  Fourth through Fourteenth Amendments of the United States and California constitutions.

8      **C.**    **Wrong Defendants Named**

9       Plaintiff's complaint confuses two separate incidents: (1) the UCC defendants'
10 determination, in the course of plaintiff's annual classification review, to withhold action on
11 plaintiff's request to re-examine imposition of the "R" suffix pending receipt of certain documents
12 and (2) the 1993 imposition upon plaintiff of the "R" suffix by an unnamed committee, and Lopez's
13 and Grannis's refusal to accept appeals of that action in 2008.  Because the UCC defendants were
14 not involved in the 1993 determination or its 2008 appeal, they cannot be liable for any
15 constitutional violation arising from that incident.  Their liability could arise only in connection
16 with the re-examination promised as part of the 2008 review, which determination had not yet been
17 addressed when plaintiff filed this complaint.  Accordingly, plaintiff's claims against the UCC
18 defendants, Clendaniel, Guzman, and Wagner, must be dismissed with prejudice.

19     **D.**    **Appeal of the 1993 Decision is Time Barred**

20      Although plaintiff's true complaint is that Lopez and Grannis refused to accept his
21 administrative appeals and reverse the 1993 determination affixing the "R" designation to plaintiff's
22 classification number, plaintiff names neither Lopez nor Grannis as defendants. Because appeal of
23 the 1993 determination is time barred, plaintiff could not prevail in an action against Lopez or
24 Grannis.

25      Federal law determines when a civil rights claim accrues.  *See Elliott v. City of Union City*,
26 25 F.3d 800, 801-802 (9th Cir. 1994).  Under federal law, a claim accrues when the plaintiff knows

---

[2] The ICC cannot reverse a previous determination to affix an "R" suffix to a prisoner's custody designation in the absence of "new and compelling information." Cal. Code. Reg. title 15, § 3377.1(b)(98).

4

or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996). Because § 1983 contains no specific statute of limitations, federal courts should borrow state statutes of limitations for personal injury actions in § 1983 suits. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir. 1997); *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991). In this case, plaintiff knew about the original UCC's decision to append the "R" suffix to his prison classification in 1993. He filed an administrative appeal, exhausting his administrative remedies on June 25, 1993.

In 1993, the applicable statute of limitations in California for § 1983 claims was one year. Cal. Civ. Proc. Code § 340(3); *Abreu v. Ramirez*, 284 F.Supp.2d 1250, 1255-1258 (C.D.Cal. Sept. 25, 2003) (Cal. Civ. Proc. § 335.1, extending the statute of limitations from one to two years, does not apply to claims that accrued prior to January 1, 2003). In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Thus, incarcerated plaintiffs have three years from the date that the cause of action accrued in which to file suit, if the cause of action accrued while said plaintiff was incarcerated.

The administrative appeal of the decision to append an "R" suffix to plaintiff's custody designation was complete on June 25, 1993. Plaintiff then knew of the decision that is the subject matter of this action but did not file a § 1983 action within three years. Instead, more than fifteen years later, plaintiff repeatedly attempted to file the same administrative appeal, again arguing that the designation was "illegal" in that he was not convicted of the § 261.5 sexual offense "in a court of law." As Grannis's 2008 decision correctly concluded, plaintiff's appeal of the 1993 decision to append the "R" suffix to his custody designation was brought out of time.

///

### E. Supervisory Personnel

Plaintiff names as defendant Warden James Hartley without including any specific allegations against him. Supervisory personnel, such as Hartley, are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A plaintiff must specifically allege a causal link between each defendant in a supervisory position and his claimed constitutional violation. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege facts indicating that each supervisory defendant either personally participated in the alleged deprivation of the plaintiff's constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a deprivation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); *Taylor*, 880 F.2d at 1045. Plaintiff's claims against Hartley fail as a matter of law.

### F. State Claims

Section 1983 does not provide a cause of action for violations of state law. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1207 (9th Cir. 2007); *Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997); *Lovell v. Poway Unified School Dist.*, 90 F.3d 367, 370 (9th Cir. 1996); *Draper v. Coombs*, 792 F.2d 915, 921 (9th Cir. 1986); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir.), *cert. denied*, 454 U.S. 857 (1981). Pursuant to 28 U.S.C. § 1367(a), however, in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court my decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original

jurisdiction." 28 U.S.C. § 1367 (c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966). Since the complaint fails to allege any cognizable federal constitutional claim, this court does not examine plaintiff's claims under the California constitution.

### III.     Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law. Because amending the complaint will not cure the deficiencies, the court will dismiss this action, with prejudice, for failure to state a claim. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERED that plaintiff's complaint is dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:     October 20, 2009**              /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE